IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON L. BROWN,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **OFFICE OF HUMAN RESOURCES,** | : | NO. 18-544 |
| **CITY OF PHILADELPHIA OFFICE OF** | : | |
| **INNOVATION AND TECHNOLOGY,** | : | |
| *Defendants.* | : | |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                                      **FEBRUARY 15, 2018**

Plaintiff Jason L. Brown, proceeding *pro se*, has filed this civil action against the City of Philadelphia's Office of Human Resources and its Office of Innovation and Technology. He has also filed a motion to proceed *in forma pauperis,* and a motion for relief. For the following reasons, the Court will grant Mr. Brown leave to proceed *in forma pauperis*. However, his Complaint will be dismissed because it duplicates a prior case that Mr. Brown recently filed in this Court. Mr. Brown's motion for relief will also be denied.

### I.     FACTS AND PROCEDURAL HISTORY

On December 1, 2017, Mr. Brown filed a complaint and motion to proceed *in forma pauperis* docketed as Civil Action No. 17-5410. Mr. Brown named the City of Philadelphia Office of Human Resources as a defendant, claiming that the defendant was "treating [him] as if [he] is a program, eliminating his chances of employment with acts of slander, libel and fraud in the scope of employment duties performed by the defendant." He also alleged that "the City of Philadelphia is promoting private property being taken for public use. The City of Philadelphia

1

Office of Human Resources [is] illegally communicating with me." *Brown v. City of Phila. Office of Human Resources*, No. 17-5410 (Compl. at 3.) By Order entered on December 6, 2017, the Court granted Mr. Brown leave to proceed *in forma pauperis*, dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice, for failure to state a claim, and provided Mr. Brown thirty (30) days to file an amended complaint. *Id.* (ECF No. 2).

On January 2, 2018, the Court received a "Motion for Relief Pursuant Federal Rule 8 of Civil Procedure" and a "Motion for Special Appointment to Serve Summons on Defendant Party Pursuant Federal Rule 4(b)(c)(1)(2)(3) of Civil Procedure." *Id.* (ECF Nos. 4 and 5). Throughout his motion for relief, Mr. Brown referred to the document as his amended complaint. By Memorandum and Order entered on January 4, 2018, the Court granted the motion for relief to the extent Mr. Brown sought leave to file an amended complaint, referred to the document as Mr. Brown's Amended Complaint, dismissed the Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and provided Mr. Brown one final opportunity to amend. *Brown v. City of Phila.*, No. 17-5410, 2018 WL 327168, at *2 (E.D. Pa. Jan. 4, 2018).

On January 22, 2018, the Court received Mr. Brown's Second Amended Complaint against the City of Philadelphia Office of Human Resources and the City of Philadelphia Office of Innovation and Technology, as well as a Motion to Add Defendant and a second motion to proceed *in forma pauperis*. *Brown v. City of Phila. Office of Human Resources*, No. 17-5410 (ECF Nos. 8, 9, and 10). In his Second Amended Complaint, Mr. Brown alleged that the defendants "assaulted and intentionally slandered [him] through computer" on November 20, 2017, and that his "private property was taken for public use without [his] consent." *Id.* (ECF No. 9 at 3). He contended that the defendants' actions violated his rights under the Fifth Amendment as well as under 18 U.S.C. § 1030(g). *Id.* (ECF No. 9 at 2). By Order entered on

2

January 23, 2018, the Court denied the Motion to Add Defendant, as unnecessary. *Id.* (ECF No. 11). By Memorandum and Order entered on January 24, 2018, the Court dismissed the Second Amended Complaint, noting that it once again failed to comply with Rule 8 and failed to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Brown v. City of Phila. Office of Human Resources*, No. 17-5410, 2018 WL 563161, at *2 (E.D. Pa. Jan. 24, 2018). The Court did not provide Mr. Brown leave to file a third amended complaint. *Id.* Mr. Brown subsequently filed a motion for leave to file a supplemental pleading, which the Court construed as a motion for reconsideration and denied it as so construed. *Brown v. City of Phila. Office of Human Resources*, No. 17-5410, (ECF Nos. 14 and 15).

Undeterred, Mr. Brown filed this action against the City of Philadelphia's Office of Human Resources and its Office of Innovation and Technology. Mr. Brown again contends that his "private property was taken for public use without consent," and that he "sustained threat to [his] public health," in violation of 18 U.S.C. § 1030(g). *Brown v. City of Phila. Office of Human Resources*, No. 18-544 (Compl. at 3.). Mr. Brown alleges that he "sustained reckless damage and loss to [his] private property," and that the Defendants "are responsible for exceeding authorized access to a computer causing damage and loss to [his] liberty of pursuing employment through the City of Philadelphia." (*Id.*) As relief, he seeks $1,500,000.00 from each Defendant as well as unspecified injunctive relief. (*Id.* at 4.).

## II. STANDARD OF REVIEW

The Court will grant Mr. Brown leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss his Complaint if it is, *inter alia*, malicious. "A court that considers whether an action is malicious must, in accordance with the

3

definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

## III. DISCUSSION

The Court will dismiss Mr. Brown's complaint as malicious, as it replicates claims that Mr. Brown has previously brought before the Court. As noted above, the Court twice provided Mr. Brown leave to file an amended complaint with respect to these claims in Civil Action No. 17-5410. The three complaints that Mr. Brown filed in that action were dismissed for failure to state a claim and failure to comply with Rule 8. "[T]he fact that [Mr. Brown] was denied leave to [file a third amended complaint in that action] does not given him the right to file a second lawsuit based on the same facts." *Sendi v. NCR Comten, Inc.*, 624 F. Supp. 1205, 1207 (E.D. Pa. 1986); *see Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (en banc) ("[T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints."); *Brodzki*, 2012 WL 125281, at *1. Instead of filing this action, Mr. Brown should have appealed the Court's decision in Civil Action No. 17-5410 if he wanted to continue to attempt to litigate his claims.

4

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Brown leave to proceed *in forma pauperis* and dismiss his Complaint as malicious. His motion for relief will be denied. Mr. Brown will not be permitted to file an amended complaint in this matter. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows, which shall be docketed separately.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C., J.